# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND D. COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-00232-SEP |
| JUSTIN GELFAND, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is *pro se* Plaintiff Raymond D. Cooper's motion for leave to proceed *in forma pauperis*. Doc. 2. For the reasons set forth below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Having conducted an initial review of the Complaint, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

### INITIAL PARTIAL FILING FEE

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based

on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## THE COMPLAINT

### I. Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### II. Discussion

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, alleging that his counsel in his underlying federal criminal proceeding is ineffective in violation of the Sixth Amendment. Specifically, he alleges that Defendant Gelfand has withheld exculpatory evidence, refused to file a motion to suppress, and is attempting to coerce Plaintiff into accepting a plea agreement. For relief, Plaintiff seeks Gelfand's withdrawal and the appointment of new counsel.

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. *See* 42 U.S.C. § 1983. A public defender does not act under color of state law when performing the traditional functions of a lawyer as counsel to indigent defendants in criminal proceedings. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). That rule applies equally to court-appointed criminal defense attorneys. *See Waller v. Morris*, 230 F.3d 1365, *1 (8th Cir. 2000) (per curiam). Thus, Defendant is not a state actor amenable to suit under § 1983.

Because Plaintiff cannot state a cognizable claim against Defendant under § 1983, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint will be **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of May, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE